# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
           Plaintiff,        )
                             )
                             )
    v.                       )    Cr. ID. No. 0512020169
                             )
                             )
BRUCE WOOD,                  )
                             )
           Defendant.        )

Submitted: May 16, 2017
Decided: June 27, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED, DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED AND DEFENDANT'S MOTIONS TO COMPEL SHOULD BE DENIED

Joseph Grubb, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Bruce Wood, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**MAYER,** Commissioner

This 27th day of June, 2017, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. After a jury trial, Bruce Wood ("Defendant") was found guilty of sixteen (16) counts of Rape First Degree and two (2) counts of Continuous Sexual Abuse of a Child.[1] On September 7, 2007, Defendant was sentenced to a total of 290 years of Level 5 incarceration.[2] Defendant appealed his conviction and the Delaware Supreme Court issued a mandate on September 30, 2008 affirming the judgment.[3]

2. Defendant filed his first motion for postconviction relief on April 9, 2009 (the "First Motion").[4] After full briefing, this Court denied the motion.[5] Defendant appealed and the Delaware Supreme Court again affirmed the Superior Court Judgment.[6]

---

[1] D.I. # 65.

[2] D.I. # 66.

[3] D.I. # 77.

[4] D.I. # 81.

[5] D.I. # 93, 94.

[6] D.I. # 103.

3.     Defendant then filed a second motion for postconviction relief on March 16, 2011 (the "Second Motion").[7] This Court denied the Second Motion[8] and when Defendant once again appealed, the Delaware Supreme Court affirmed the denial of the Second Motion as well.[9]

4.     Defendant has now filed his third motion for postconviction relief[10] as well as a motion for appointment of counsel[11] and his fourth and fifth motions to compel.[12] Based upon my review of the record, I do not see a reason to order additional briefing or set the matter for an evidentiary hearing.

## DEFENDANT'S RULE 61 MOTION

5.     Before considering the merits of a claim, the Court must first determine whether there are any procedural bars to the motion.[13] After reviewing Defendant's motion, it is evident that pursuant to Super. Ct. Crim. R. 61(d)(5) the motion may be summarily dismissed because it is procedurally barred and it

---

[7] D.I. # 104.

[8] D.I. # 107-109.

[9] D.I. # 113.

[10] D.I. # 123.

[11] D.I. # 124.

[12] *See* D.I. # 116, 117, 118, 119, 125, 127. Defendant's papers also refer to a federal court matter and appeal pending before the United States Court of Appeals for the Third Circuit, as well as a plea having been made to the Department of Justice Innocence Project.

[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

plainly appears from the record in the case that the movant is not entitled to relief. As such, the Court should not consider the merits of the claims.[14]

6. Defendant's motion is procedurally barred by Superior Court Criminal Rule 61(i)(1) for having been filed more than one year after the conviction became final.[15] As this is Defendant's third motion for postconviction relief, Defendant admittedly, can only overcome this bar if the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and render the conviction or death sentence invalid.[16]

7. Defendant does not argue that a new rule of constitutional law applies but rather relies on the "new evidence" and "actual innocence" prong of the test. In summary, Defendant argues that he has uncovered "new evidence" supporting his

---

[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). *See also Paul v. State*, 2011 WL 3585623 (Del. Aug. 15, 2011), at *1 ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[15] Defendant's conviction became final 30 days after the Delaware Supreme Court issued its mandate affirming the conviction or on October 30, 2008. Super. Ct. Crim. R. 61(m).

[16] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).

innocence, that he has just become lucid, and that he never had counsel during his first collateral proceedings. Collectively, Defendant believes this justifies allowing a third motion for postconviction relief, filed more than eight years after the deadline, to proceed.

8.     As an initial matter, the issue of Defendant's lucidity and use of psychotropic medications has already been addressed by this Court and the Delaware Supreme Court in response to Defendant's First and Second Motions. Moreover, in its decision affirming the denial of Defendant's First Motion, the Delaware Supreme Court addressed Defendant's argument that the Superior Court erred in failing to appoint counsel. Therefore, these arguments are not only barred as untimely, but are also barred as having been previously adjudicated.[17]

9.     In order to overcome the procedural bars, Defendant is required to plead with particularity that there is new evidence demonstrating a strong inference that he is actually innocent of the charges.[18] Defendant must establish "(1) that the evidence is such as will probably change the result if a new trial is granted; (2) that

---

[17] Super. Ct. Crim. R. 61(i)(4). *See also State v. Zebroski*, 2009 WL 807476 (Del. Super. Mar. 19, 2009) (recognizing settled law that a defendant does not have a constitutional right to counsel in a postconviction proceeding) (internal citations omitted).

[18] *See State v. Phlipot*, 2017 WL 2266836, at *3 (Del. Super. May 24, 2017) (denying successive motion when defendant failed to present "new evidence" that was unavailable at trial or through the exercise of reasonable diligence at the time of the trial could not be available), citing *Phlipot v. Johnson*, 2015 WL 1906127 (D.Del. Apr. 27, 2015) (requiring a showing that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.)

it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; and (3) that it is not merely cumulative or impeaching."[19]

10.    Defendant's present arguments can be divided into three categories: (a) matters that should have been and/or were raised in the direct appeal or previous adjudications; (b) his claimed "new evidence" demonstrating he did not work for Lowe's; and (c) the combination of all of the foregoing – and more – resulted in cumulative error.

11.    As to the first category, Defendant's arguments are not only untimely, but also barred by Superior Court Criminal Rules 61(i)(3) and (4) as follows:

| ARGUMENT | PREVIOUS ADJUDICATION |
|---|---|
| Ground 2 and Ground 3 paragraph 5 argue counsel was ineffective for failing to instruct the jury regarding the internet records | The Court first addressed the internet records in response to the defense's efforts to attack the victim's credibility and the application of 11 Del. C. §3508. The Court again addressed the issue of jury instructions, effectiveness of counsel and counsel's pretrial investigation as well as the credibility of witnesses in the First Motion that was affirmed by the Supreme Court. The Court also reviewed the Section 3508 issue in the Second Motion that was also affirmed by the Supreme Court. |
| Ground 3, paragraphs 6, 9 through 12 and 14 | Claims of ineffective assistance of counsel were addressed in the First Motion and |

---

[19] *Downes v. State*, 1999 WL 743629, at *7 (Del. Super. Aug. 12, 1999), citing *Hicks v. State*, 913 A.2d 1189, 1194 (Del. 2006). *See also Downes v. State*, 771 A.2d 289 (Del. 2001) (applying standard in context of postconviction relief).

| | |
|---|---|
| through 18 present claims of ineffective assistance of counsel | affirmed on appeal. |
| Ground 3, paragraphs 7 and 8 raise issues relating to the possible collaboration between the victims | This issue was litigated at trial and addressed in the Supreme Court's denial of Defendant's direct appeal. |
| Ground 4 and Ground 3 paragraph 13, argue that Defendant's Sixth Amendment rights were violated because he was prohibited from presenting the victim's counselors as witnesses | The Court ruled on a motion to quash the subpoena of the records and eventually reviewed the records in camera.[20] This issue was litigated by trial counsel and not raised by Defendant in his direct appeal and is therefore waived. |
| Ground 5 argues counsel was ineffective with respect to the motion to sever | This issue was addressed on direct appeal and rejected by the Supreme Court. The matter was again addressed by way of the First Motion and affirmed on appeal. |
| Ground 7 and Ground 3 paragraphs 19 through 21 argue prosecutorial misconduct | This issue was addressed on direct appeal and rejected by the Supreme Court. The Court dismissed the argument again in response to the First Motion, and the Supreme Court affirmed the Superior Court's decision. |

All of the preceding legal arguments, having been previously adjudicated, are procedurally barred and do not meet the "new evidence" exception.

---

[20] *See* D.I. # 60.

12. Defendant's remaining "new evidence" argument[21] rests almost entirely on the premise that he was not employed by Lowe's.[22] According to Defendant's motion, during the trial, Detective Greer testified that a mother of a complaining witness told him that Defendant worked for Lowe's. One complaining witness also alleged that Wood had intercourse with her in three motels. Detective Greer interviewed employees of the motels and none of them had a record of him staying or working at the motels. However, one hotel had reportedly had carpet work done by Lowe's and it was proffered that Defendant sub-contracted for Lowe's, thereby possibly placing him at one of the scenes supporting the alleged crime. Defendant recognizes that the State produced no evidence from Lowe's that he ever did work for them. In support of his motion, Defendant presents: (i) a letter from the IRS that purports to show that he was not employed by Lowe's; (ii) an unsigned letter and affidavit from someone who may have called Lowe's and spoke with an unnamed person that had no record of employment; and (iii) several affidavits from Defendant himself. Defendant now argues that this new evidence shows that

---

[21] Defendant's "new evidence" arguments were set forth in his papers as Ground 1 (false evidence regarding his employment at Lowe's was presented to the jury), Ground 3 paragraphs 1-4 (duplicative argument) and Ground 6 (the State withheld favorable evidence demonstrating he did not work for Lowe's).

[22] Through his exhibits, Defendant appears to also be arguing that the victim's internet records (Defense Exhibit 3 from trial) and the original police reports are "new evidence." Defendant also proffers an affidavit from his mother referencing a conversation she had with Defendant's counsel during trial (also presented during the adjudication of his First Motion). However, all of this was available at the time of trial and could have been - or was - referenced on appeal or pursuant to the First Motion. Therefore, these exhibits do not assist Defendant here.

7

(i) multiple witnesses "lied" about him having worked for Lowe's; (ii) the State and defense counsel created cumulative error by allowing Detective Greer's testimony to stand; and (iii) the State withheld favorable evidence from the defense by not disclosing at trial that Defendant did not work for Lowe's.

13.    Defendant's motion fails to meet the required standard for presentation of new evidence.   Defendant testified at the trial at which time there was no impediment to his ability to attest to his employment relationship with Lowe's. Defendant recognizes that the State produced no evidence that he worked at Lowe's and that Detective Greer's interviews produced no record of his work at the motels.   The unauthenticated IRS letter as well as the unsigned letter and affidavit from his acquaintance could have amounted to nothing more than cumulative (and very possibly inadmissible) evidence.   In reviewing the trial transcript and evidence presented, Defendant's possible employment at Lowe's was a tangential issue – at best.   Despite this, it is noteworthy that Defendant's exhibits to the motion show that he worked at "Bruce's Carpet" and the testimony at trial was that he sometimes sub-contracted his carpet work.  The jury could have easily inferred that this entity was a sub-contractor for Lowe's.  If Defendant was indeed a subcontractor employed by Bruce's Carpet – and not directly by Lowe's – then neither the IRS, nor Lowe's itself, would have a record of having employed Defendant.  Furthermore, it is presumed that a jury will follow the instructions laid

out by the court that there must be proof beyond a reasonable doubt.[23] Based on a review of the weight of the testimony and evidence presented at the trial, there is no basis to believe that Defendant's proffered "new evidence" would have changed the outcome of the proceedings and convinced a reasonable jury to aquit.

14. Finally, for all of the reasons set forth above, Defendant's argument of "cumulative error" must also fail. This argument was presented with 21 subparts that have all been addressed through Defendant's original appeal, First Motion, Second Motion and/or herein. Defendant cannot avoid the procedural bars by simply re-categorizing the same arguments that have been adjudicated and denied. Absent a true showing of new evidence or a change in applicable constitutional law, the motion fails.

## DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

15. In support of his Motion for Appointment of Counsel, Defendant re-iterates his arguments set forth in his third Motion for Postconviction Relief. Defendant's post-conviction arguments were set forth at length in the motion and supported by citations to legal authorities as well as numerous exhibits. The Delaware Supreme Court also addressed the issue of appointment of counsel through its decision on the First Motion. The Court may appoint counsel on a second or subsequent motion only if it is determined that the motion satisfies the pleading requirements

---

[23] *Capano v. State*, 781 A.2d 556, 589 (Del. 2001) (internal citations omitted).

of Superior Court Criminal Rule (d)(2)(i) or (2)(ii).[24] In light of the above recommendation regarding Defendant's third Motion for Postconviction Relief, the request for appointment of counsel should be denied.[25]

## DEFENDANT'S MOTIONS TO COMPEL

16. Along with the aforementioned motions, Defendant presented his fourth and fifth motions to compel. On May 2, 2017, Defendant filed the motions seeking copies of Detective Greer's investigation results regarding whether Defendant worked for Lowe's and copies of the victim's counseling records. On October 18, 2016, this Court denied previous motions from the Defendant seeking the same information. In addition, the Delaware Supreme Court's decision on Defendant's First Motion recognized that defense counsel did in fact subpoena counseling records for both of the victims, the trial court reviewed the records, and Defendant attached some of the counseling records to his motion. Even if additional documentation were to exist, it would have been reasonably available to Defendant at the time of trial and cannot now form a basis for relief as "new evidence." As Superior Court Criminal Rule 61 includes no provision for the allowance of discovery, it has been held that the court may exercise its discretion to grant

---

[24] Super. Ct. Crim. R. 61(e)(4).

[25] Defendant's previous motions to the Court, as well as the present motions, were fully briefed with extensive arguments and citations to legal authority. Thus, there has been no prejudice to the Defendant throughout the entirety of this lengthy and litigious process.

particularized discovery for good cause shown.[26]  Here, the documentation sought by Defendant was either available at the time of trial, could have been discovered through due diligence, or in fact, was made available during the process. Therefore, Defendant has failed to demonstrate a compelling reason or good cause for the requests and the motions should be denied.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed,[27] Defendant's Motion for Appointment of Counsel should be denied, and Defendant's motions to compel should be denied.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  Bruce Wood
     Joseph Grubb, Esquire

---

[26]  *Dawson v. State*, 673 A.2d 1186, 1197-1198 (Del. 1996).

[27]  On June 19, 2017, Defendant filed a Motion to Amend Post-Conviction Motion Pending Before the Court [D.I. # 128].  Defendant again argues "new evidence" in the form of a letter indicating Lowe's has no record that Bruce Wood was employed there.  As set forth herein, the Court has already considered this argument and the letter does not change the result.  On June 26, 2017, Defendant filed a Second Motion to Amend [D.I. # 129] arguing that he became aware of a "Newly Discovered Superior Court Case" that supports his argument that his rights were violated when the Superior Court quashed the subpoenas for the victim's psychiatric records. However, neither case cited by Defendant is "new" (a United States Supreme Court case dated 1987 and a 1998 Delaware Superior Court case cited in the Trial Court's Opinion on the Motion to Quash), nor does either case raise an issue of constitutional concerns or present "new evidence" as necessary to bypass the procedural bars. Therefore, both motions are meritless and should be denied.