WILLIAM D. DOWNES, JR., Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 122, 2009.
Supreme Court of Delaware.
Submitted: April 9, 2009.
Decided: April 23, 2009.
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice
This 23rd day of April 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, William D. Downes, Jr., filed an appeal from the Superior Court's February 5, 2009 order denying his third motion for postconviction relief pursuant to Superior Court Criminal Rule 61.[1] The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and AFFIRM.
(2) In February 1995, a Superior Court jury found Downes guilty of Attempted Murder in the First Degree, Burglary in the First Degree, Assault in the First Degree, Reckless Endangering in the First Degree, and two charges of Possession of a Firearm During the Commission of a Felony. He was sentenced to life in prison, plus 36 years. Downes' convictions and sentences were affirmed by this Court on direct appeal.[3] Downes filed two previous postconviction motions in the Superior Court, both of which were denied. Both denials were subsequently affirmed by this Court.[4]
(3) In his appeal from the Superior Court's denial of his third postconviction motion and the Superior Court's denial of his motion for reconsideration, Downes claims that a) his sentence was too severe; and b) his attorney provided ineffective assistance by failing to investigate and present mitigating factors to the sentencing judge.
(4) The first inquiry in any analysis of a claim for postconviction relief is whether the petition meets the procedural requirements of Rule 61.[5] The record reflects that Downes' latest postconviction motion is not only time-barred,[6] it also is procedurally barred as repetitive[7] and procedurally defaulted.[8] Moreover, Downes has failed to overcome the time and procedural bars by demonstrating either that consideration of his claims is warranted in the interest of justice,[9] or cause for relief from the procedural default and prejudice from a violation of his rights.[10] Finally, Downes has not demonstrated that there was a miscarriage of justice due to a constitutional violation.[11]
(5) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm the Superior Court's February 5, 2009 order is GRANTED.[12] The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Downes also appeals the Superior Court's February 17, 2009 denial of his motion for reconsideration.
[2] Supr. Ct. R. 25(a).
[3] Downes v. State, Del. Supr., No. 151, 1995, Hartnett, J. (Mar. 13, 1996).
[4] Downes v. State, 771 A.2d 289 (Del. 2001); Downes v. State, Del. Supr., No. 267, 2006, Ridgely, J. (Aug. 15, 2006).
[5] Bailey v. State, 588 A.2d 1121, 1127 (Del. 1991).
[6] Super. Ct. Crim. R. 61(i) (1).
[7] Super. Ct. Crim. R. 61(i) (2).
[8] Super. Ct. Crim. R. 61(i) (3).
[9] Super. Ct. Crim. R. 61(i) (2).
[10] Super. Ct. Crim. R. 61(i) (3) (A) and (B).
[11] Super. Ct. Crim. R. 61(i) (5).
[12] In the absence of any showing of an abuse of discretion, the State's motion to affirm the Superior Court's February 17, 2009 order denying Downes' motion for reconsideration also is granted. Super. Ct. Civ. R. 59(e).