SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

August 25, 2021

Tyrone Adkins
SBI# 00252296
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re: *State of Delaware v. Tyrone Adkins,* Cr. No. 1411014640, 1407011882 (R-2)

Dear Mr. Adkins:

On August 5, 2021, I received your second *pro se* Motion for Postconviction Relief under Delaware Superior Court Rule Criminal Rule 61 (the "Motion"), dated July 29, 2021, with respect to the above-referenced matter.[1] The sole ground that you state for relief is that there is new evidence of your actual innocence in fact. Your Motion requests the appointment of postconviction counsel and an evidentiary hearing.

---

[1] On August 16, 2021, I received an Addendum to the Motion which contains the Exhibits to the Memorandum of Law which was filed with your Motion.

On August 26, 2015, you were found guilty by a jury after a trial on two counts of drug dealing (heroin), and on October 9, 2015, you were declared to be a habitual offender and sentenced to a total of twenty (20) years of incarceration at Level 5.[2] Your direct appeal to the Delaware Supreme Court was denied on November 1, 2016. On November 15, 2016, you filed your first Rule 61 Motion with this Court, which was dismissed on December 8, 2016.[3]

I first address the four procedural bars of Rule 61.[4] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[6]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[7] In this case, your conviction became final for purposes of Rule 61 at the conclusion of direct review when the Delaware Supreme Court issued its mandate on November 1, 2016. You filed the

---

[2] A corrected sentence order was filed on October 16, 2015, and I modified that sentence order on July 24, 2020 and again on March 16, 2021.

[3] You also filed for a Writ of *Habeas Corpus* with the United States District Court for the District of Delaware, which was denied on September 25, 2020. You also have sued the arresting Delaware State Police officers involved in your case for violations of your civil rights under 42 U.S.C §1983 in the United States District Court for the District of Delaware; that case is currently pending at the depositions and interrogatories stage.

[4] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[5] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[6] Super. Ct. Crim. R. 61(i).

[7] Super. Ct. Crim. R. 61(i)(1).

Motion on August 5, 2021.  Therefore, consideration of the Motion would normally be barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[8]   Since this is your second motion for postconviction relief, consideration of the Motion would normally be barred.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[9] You assert new claims, which were not raised at trial, and based on more recent, unrelated cases, that Detective Dallas J. Reynolds omitted, fabricated, and embellished facts in his affidavit in order to obtain a search warrant.  Therefore, consideration of the Motion would normally be barred for "matters not asserted' below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[10]  Your search and seizure claims under both the Delaware and United States Constitutions and your search warrant claim under *Franks v. Delaware*[11] were formerly adjudicated at your trial below after a Suppression Hearing held on July 23, 2015. You also raised those

---

[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] 438 U.S. 154 (1978).

3

claims on direct appeal to the Delaware Supreme Court, in a prior Rule 61 Motion in this Court, and in a federal *habeas corpus* proceeding. Therefore, consideration of the Motion would normally be barred for "matters formerly adjudicated."

Under Rule 61, however, none of these four procedural bars applies to a claim that pleads "*with particularity* that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][12]

Similarly, Rule 61 provides in pertinent part:

> "A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion … pleads with particularity that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][13]

Generally, the law favors the finality of criminal judgments after the exhaustion of applicable post-trial motions, appeals and collateral proceedings. In this case, you have exhausted your remedies of a direct appeal to the Delaware Supreme Court, a motion for postconviction relief in this Court, and petition for a writ of *habeas corpus* in the United States District Court for the District of Delaware. There is an exception, however, on public policy grounds where there is particular new evidence that creates a strong inference that you are actually innocent in fact of the acts

---

[12] Super. Ct. Crim. R. 61(i)(5).
[13] Super. Ct. Crim. R. 61(d)(2)(i). This is the section on which you base your Motion.

4

underlying the charges of which you were convicted. You should not be denied the right to prove your actual innocence based on new facts. That being said, the bar for creating a strong inference in my mind that you are actually innocent of the offenses of which you were convicted by a jury is quite high. A mere assertion of actual innocence will not suffice. Innocence of the "acts underlying the charges" requires "more than innocence of intent; it requires new evidence that a person other than the petitioner committed the crime."[14]

## ACTUAL INNOCENCE IN FACT

The most recent Delaware Supreme Court case addressing actual innocence in fact is *Purnell v. State*,[15] which you cite as authority for my granting your Rule 61 Motion. In *Purnell,* the Supreme Court found that not only did trial counsel have a conflict of interest, but also that certain critical evidence was not obtained or presented by trial counsel at trial. The Supreme Court found that this evidence was "new" under the language of Rule 61 and included: ballistic evidence that favored the defendant; a recantation of a statement by a fellow inmate of the defendant that the defendant had confessed to the offense while they were both in jail; evidence inculpating two witnesses who testified against the defendant at trial (including a former client of trial counsel and the defendant's fellow inmate who recanted);

---

[14] *State v. Milton Taylor*, 2018 WL 3199537, at *7 (Del. Super. June 28, 2018), *aff'd*, 206 A.3d 825 (Del. 2019) (TABLE).
[15] __ A.3d __, 2021 WL 2470511 (Del. June 17, 2021).

impeachment evidence from the parents of the co-defendant who testified against the defendant at trial; and, impeachment evidence that was not raised on cross-examination of a key government witness due to trial counsel's conflict of interest. The Court stated:

> We observe that legitimate claims of actual innocence are exceedingly rare. Indeed, this is the first case where a defendant has satisfied the actual innocence exception to the procedural bars in Rule 61. Because they are so rare, the actual innocence exception, in our view, poses no threat to our State's interest in finality. We believe the result in this case strikes the appropriate balance between our justice system's interests in "finality, comity and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"[16]

The United States Supreme Court has also stated that findings of actual innocence in federal *habeas corpus* cases are reserved for the "rare" or "extraordinary" case.[17]

## The Applicable Persuasive Burden

In *Purnell*, the Delaware Supreme Court analyzed the applicable persuasive burden for a claim of actual innocence in fact and concluded that the defendant must satisfy a two-pronged test: he must establish that his evidence is both (1) new and (2) sufficiently persuasive.

---

[16] 2021 WL 2470511, at *55. [Footnotes and Citations Omitted]
[17] *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

## Federal *Habeas Corpus*

Federal courts employ an analogous doctrine for "actual innocence" in analyzing *habeas corpus* claims. In those cases, *Schlup v. Delo*[18] and its progeny, "actual innocence" constitutes an equitable exception to procedural barriers to a *habeas* petition set forth in federal statute that are analogues to Rule 61's procedural bars.[19] *Schlup* was concerned with cases where "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[20] Envisioning a test in which a petitioner is "required to make a stronger showing than that needed to establish prejudice," the *Schlup* Court established this formulation: "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[21] Federal *habeas* petitions are "gateway innocence claims" because satisfying *Schlup* permits a federal court to review the petitioner's grounds for relief despite an unexcused procedural default, even though the Supreme Court has "strongly suggested" that proof of actual innocence is not itself a ground for relief.[22] As the *Schlup* Court explained:

> [I]f a petitioner … presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error,

---

[18] *Id.*

[19] *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013).

[20] *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[21] *Id.*

[22] *Buckner v. Polk*, 453 F.3d 195, 199 (4th Cir. 2006) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also House v. Bell*, 547 U.S. 518, 555 (2006).

the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.[23]

## Delaware Rule 61

After the 2014 amendments to Rule 61, the Superior Court in *Sykes v. State*[24] noted a dearth of Delaware authorities on what constitutes "new" evidence for purposes of the Delaware postconviction remedy, and so it relied on federal cases analyzing *Schlup'*s actual innocence test for the "newness" prong.[25] In subsequent cases, the Superior Court has relied on *Schlup's* formulation for the "persuasiveness" prong as well,[26] or for both prongs of the actual innocence inquiry.[27]

In *Purnell*, both the State and the defendant argued for a three-prong test to govern both the newness and persuasiveness prongs of the actual innocence exception, requiring a showing: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and

---

[23] *Schlup*, 513 U.S. at 316.

[24] 2017 WL 6205776 (Del. Super. Dec. 7, 2017), *aff'd* 195 A.3d 780 (Del. 2018) (TABLE).

[25] 2017 WL 6205776, at *5 ("Nonetheless, the federal standard is helpful under these circumstances, as the Court has found little guidance for interpreting the precise meaning of new evidence in relation to a claim of actual innocence pursuant to Rule 61(d)(2)(i)."), *aff'd* 195 A.3d 780 (Del. 2018) (TABLE).

[26] *State v. Abbatiello*, 2020 WL 1847477, at *3 (Del. Super. Apr. 8, 2020), *aff'd*, 244 A.3d 682 (Del. 2020) (TABLE); *State v. Windsor*, 2018 WL 3492764, at *2 (Del. Super. Jul. 19, 2018), *aff'd*, 202 A.3d 1126 (Del. 2019) (TABLE), *cert. denied*, ____U.S. ____, 140 S.Ct. 201, 205 L.Ed.2d 103 (2019).

[27] *State v. White*, 2018 WL 6131897, at *4 (Del. Super. Nov. 21, 2018), *aff'd*, 208 A.3d 731 (Del. 2019) (TABLE); *State v. Flowers*, 2018 WL 1169644, at *1 (Del. Super. Mar. 6, 2018), *aff'd*, 191 A.3d 291 (Del.) (TABLE); *White v. State*, 208 A.3d 731, 2019 WL 1529654, at *1 (Del. Apr. 8, 2019) (TABLE); *Phlipot v. State*, 169 A.3d 351, 2017 WL 3014434, at *1 (Del. July 14, 2017) (TABLE).

could not have been discovered before by the exercise of due diligence; and (3) that it is not merely cumulative or impeaching. This three-part test is the standard for a new trial based on newly discovered evidence under Superior Court Criminal Rule 33 established by the Delaware Supreme Courtin *Lloyd v. State*.[28] Another Delaware Supreme Court case, *Downes v. State*,[29] held that the *Lloyd* standard for obtaining a new trial on the basis of new evidence showing actual innocence was an available form of postconviction relief under Rule 61.[30]

*Purnell* adopts the *Lloyd* line of cases to analyze actual innocence claims based on new evidence under Rule 61, but telescopes the three *Lloyd* standards down to two. It states that, of the three elements of a *Lloyd* claim, the second relates to newness, while the first and third relate to persuasiveness. On both newness and persuasiveness, *Purnell* states that the *Lloyd* line of cases in Delaware substantially aligns with *Schlup* and its progeny at the federal level.

### Newness

Regarding the newness prong, *Lloyd* holds that evidence is new where it was "discovered since trial, and the circumstances must be such as to indicate that it

---

[28] 534 A.2d 1262, 1267 (Del. 1987) (citing *State v. Lynch*, 128 A. 565, 568 (Del. Oyer & Term. 1925)).
[29] 771 A.2d 289 (Del 2001).
[30] 771 A.2d at 292.

could not have been discovered before trial with due diligence."[31]  Such evidence is "new" in federal courts applying *Schlup* as well.[32]

**Persuasiveness**

Regarding the persuasiveness prong, *Lloyd* and *Schlup* articulate the same standard although they use somewhat different language. As the *Schlup* Court explained, the persuasiveness of an innocence claim requires the Court to make "a probabilistic determination about what reasonable, properly instructed jurors would do."[33]  It stressed that the *Schlup* inquiry is about what a reasonable trier of fact is likely to do, not merely what it was empowered to do.[34]  *Schlup* requires a petitioner to show that the lack of the new evidence caused more than mere prejudice, meaning more than simply "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[35]

*Lloyd*'s burden of persuasiveness is that the new evidence "*would have probably* changed the result if presented to the jury,"[36] and in *Downes* and subsequently the burden of persuasiveness is the new evidence "*will probably*

---

[31] *Lloyd*, 534 A.2d at 1267.

[32] *Carter v. Pierce*, 196 F.Supp.3d 447, 454–55 (D. Del. 2016); *Houck v. Stickman*, 625 F.3d 88, 93–94 (3d Cir. 2010)); *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018), *cert. denied*, ___U.S. ____, 139 S.Ct. 2713, 204 L.Ed.2d 1123 (2019).

[33] 513 U.S. at 329.

[34] *Id*. at 330.

[35] *Schlup*, 513 U.S. at 332–33 (O'Connor, J., concurring).

[36] 534 A.2d at 1267 (emphasis added).

change the result if a new trial is granted."[37] The *Lloyd* line of cases consistently requires a movant to show that the evidence will *probably* change the result -- meaning that the necessary showing is substantially more than the mere "reasonable probability" necessary to show prejudice. Thus, the *Schlup* and *Lloyd* standards are substantively the same.

The third element of the *Lloyd* test, specifying that actual innocence cannot be satisfied by evidence which is "merely cumulative or impeaching," is also similar to *Schlup*'s test.[38] This element embodies the principle that a body of new evidence that goes only to the weight or credibility of that which was presented to the jury is almost never adequate to meet the demanding bar for being granted a new trial.[39] Generally, to be more than "merely" impeaching or cumulative, new evidence attacking the weight or credibility of a witness's trial evidence attacks the credibility of the witness in the case at bar specifically, rather than impeaching the witness's credibility in general.[40] Where impeachment evidence is submitted along with other material evidence, both can operate together to justify relief.[41] Federal courts

---

[37] 771 A.2d at 291 (emphasis added); *Gattis v. State*, 955 A.2d 1276, 1291 (Del. 2008).

[38] 534 A.2d at 1267.

[39] *Mason v. State*, 2020 WL 7392348, at *1 n.2, 244 A.3d 681 (Del. Dec. 16, 2020); *Taylor v. State*, 2018 WL 655627, at *1) (180 A.3d 41 (Del. 2018 (TABLE); *State v. Brathwaite*, 2017 WL 5054263, at *2 (Del. Super. Oct. 23, 2017) *aff'd*, 186 A.3d 1240 (Del. 2018).

[40] *State v. Young*, 1982 Del. Super. LEXIS 1062 (Del. Super. Oct. 4, 1982); *Hicks v. State*, 913 A.2d 1149, 1195 (Del. 2008); *Blankenship v. State*, 447 A.2d 428, 433 (Del. 1982).

[41] *Fowler v. State*, 194 A.3d 16, 17, 26–27 (Del. 2018).

applying *Schlup* consider the issue similarly: "Mere impeachment evidence is generally not sufficient to satisfy the actual innocence gateway standard."[42]

Because Delaware Supreme Court found the language of the *Schlup* standard confusing, in *Purnell* it chose to rely on its own standard as set forth in *Lloyd* and *Downes*. Nevertheless, the Supreme Court continues to find the reasoning of the federal cases applying *Schlup* useful and persuasive guidance in examining Rule 61 actual innocence claims.

Satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare. Under both *Lloyd* and *Schlup*, a defendant must present additional evidence that was not available at trial and would not have been despite the defendant's exercise of due diligence, thus making it "new."[43] That new evidence must speak with such persuasive force as to convince the reviewing court that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were granted.

---

[42] *Reeves*, 897 F.3d at 161 (alterations omitted) (quoting *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)).

[43] *See Schlup*, 513 U.S. at 324 ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

Although findings of actual innocence are reserved for the "rare" or "extraordinary" case, the Delaware Supreme Court, for the first and only time, found *Purnell* to be such a case. However, in my view, your case is not such a rare or extraordinary case. The Motion presents no credible "new" evidence under the "newness" prong of *Purnell*. Nor does it satisfy the "persuasiveness" prong of *Purnell*.

The gravamen of your Motion relates to Detective (now Corporal) Dallas J. Reynolds ("Reynolds"), the officer who allegedly purchased heroin from you, misidentified the address for the search warrant, identified you as "Bam" or "Bammer," and, while attempting to serve process on a relative of yours, allegedly smelled the strong odor of marijuana coming from the residence while he was standing at the front door. You first attempt to relitigate the issue of the validity of the search and seizure and the search warrant under the Delaware and United States Constitutions and the validity of the search warrant under *Franks v. Delaware*.[44] I will not entertain that argument, since it was fully addressed and litigated at trial and on direct appeal to the Delaware Supreme Court.

You then state that your "new" information is that Reynolds has a history and pattern of knowingly, purposely, and recklessly omitting, fabricating and/or

---

[44] 438 U.S. 154 (1978).

embellishing evidence in order to obtain search warrants in other cases.[45] You state that, had the jury had this information at your trial, you would have been exculpated.

As "evidence" you cite two cases. In *Long v. Rementer*,[46] a civil rights lawsuit under 42 U.S.C. §1983, Reynolds and other law enforcement officers were accused of illegal search and seizure and use of excessive force, and assault, battery, and intentional infliction of emotional distress under Delaware state law. The case proves too much – the case against Reynolds (and all other defendants) was dismissed on summary judgment.

You also cite *State v. Da Zhong Wang*,[47] in which the defendant was charged with three violations of the Delaware Organized Crime and Racketeering Act in connection with engaging in prostitution in his Rehoboth Beach massage parlor. The defendant was found guilty and paid a civil fine. You claim that, in that case, Reynolds was "complicit in attempting to skewer a *prima facie* civil violation with elements of criminality," and that Reynolds had a history and pattern of "making something from nothing." My review of the case, however, reveals only a passing reference to Reynolds as an officer who interviewed the defendant in Dover with the assistance of a Chinese interpreter.

---

[45] You also cite proposed legislation in Delaware which you state "recognizes that overzealous police officers often omit facts, materially alter, and lie in affidavits, arrest reports and search warrants to accomplish a conviction." This has nothing to do with your case, and I disregard it.
[46] 2018 WL 3830922 (U.S Dist. Ct. Del. Aug. 3, 2018).
[47] 2019 5682801 (Del. Super. Oct. 31, 2019).

Your "evidence" about Reynolds may be "new" in the sense that these two cases were decided after your trial, but I find it is not credible and has no bearing on your case. You present no new evidence that Reynolds engaged in misconduct in your trial, let alone conduct so egregious that it should "shock the conscience of the Court," as you suggest.

Even assuming *arguendo* that the new "evidence" about Reynolds were credible, you must show substantially more than mere prejudice or a reasonable probability that, had they had the information about Reynolds, the jury would have had a reasonable doubt respecting your guilt. Rather, you must show that the information would probably change the result of the trial – the verdict -- if I grant your Rule 61 Motion. You have failed to make that showing. The other evidence of your guilt in the record, unrelated to Reynolds, is significant.

If anything, the information about Reynolds, had it been known at trial, could only have been used to impeach his credibility as a witness which, as discussed above, is not alone sufficient to support a claim of actual innocence in fact. New evidence attacking the weight or credibility of Reynolds' trial evidence must attack his credibility in your specific case, rather than impeaching his credibility in general. You have shown me nothing that impeaches Reynolds' credibility in your case.

**APPOINTMENT OF POSTCONVICTION COUNSEL**

For your second Rule 61 Motion, I may appoint postconviction counsel for you only if I determine that the second Rule 61 Motion satisfies the pleading requirements of actual innocence in fact.[48]  Having determined that your Rule 61 Motion does not satisfy those pleading requirements, I deny your request for the appointment of postconviction counsel.

**EVIDENTIARY HEARING**

Under Rule 61, after considering your Rule 61 Motion, I may determine whether an evidentiary hearing is desirable.[49]  In this case, after reviewing the Rule 61 Motion and the record of the prior proceedings, I do not believe that a response from the State or an expansion of the record is necessary, or that an evidentiary hearing is desirable.  Thus, I will summarily dispose of the Rule 61 Motion as justice dictates.[50]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As discussed above, you have not demonstrated with particularity that new evidence exists that creates a strong inference that you are actually innocent in fact of the acts underlying the charges of which you were convicted.  Thus, the four

---

[48] Super. Ct. Crim. R. 61(e)(5).
[49] Super. Ct. Crim. R. 61(h)(1).
[50] Super. Ct. Crim. R. 61(h)(3).

procedural bars to relief under Rule 61 apply, and you have failed to overcome those procedural bars. Your Rule 61 Motion is summarily **DENIED**.

In addition, you have failed to meet the requirements for the appointment of postconviction counsel. Your request for the appointment of postconviction counsel is **DENIED**.

Finally, I have determined that an evidentiary hearing is neither necessary nor desirable. Your request for an evidentiary hearing is **DENIED.**

**IT IS SO ORDERED**.

Very truly yours,


/s/ Craig A. Karsnitz




cc: Prothonotary's Office
Department of Justice


17