SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
JUDGE

1 The Circle, Suite 2
Georgetown, DE 19947
Telephone (302) 856-5263

October 8, 2021

Augustus H. Evans, Jr.
SBI# 00191247
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:  *State of Delaware v. Augustus H. Evans, Jr*., Def. ID# 0609011528A

Dear Mr. Evans:

On April 19, 2021, Judge Robinson denied your tenth Rule 61 Motion for Postconviction Relief and your Motion for Appointment of Counsel.  You filed a timely Motion for Reargument of that denial, but before we could address your Motion for Reargument you appealed that denial to the Delaware Supreme Court.  On June 24, 2021, the Supreme Court dismissed your appeal as interlocutory, stating that you were free to file your appeal again after this Court ruled on your Motion for Reargument, if you pay the filing fee or are granted permission to proceed *in forma pauperis*.

Before we could address your Motion for Reargument, on June 29, 2021, you filed a "Request for Recusal Hearing and 30-Day Leave [Extension] to Amend Pending Motion to Rehear [sic] … and Motion to Appoint Counsel and Evidentiary Hearing" (the "June 29th Motion").

In his July 14, 2021 letter response to you, Judge Robinson (1) recused himself and transferred the case to me, (2) granted you an extension until Friday, August 20, 2021 to amend the June 29th Motion, (3) left the decision on appointment of counsel to me, and (4) left the decision on an evidentiary hearing to me.

On August 11, 2021, we received a request, accompanied by an Affidavit in Support of Application to Proceed *In Forma Pauperis*, to further extend your time to amend the June 29th Motion for another thirty (30) days in light of the Delaware Supreme Court's June 17, 2021 decision in *Purnell v. State*, 2021 WL 2470511. That request also renewed your motions to appoint counsel and requested a conference or hearing "to bring order to the case."

On August 13, 2021, we received four (4) additional motions from you:

(1) Motion Requesting Change of Venue;
(2) Motion to Further Extend Time to Amend the June 29th Motion for an additional 30 Days;
(3) Renewed Motion to Appoint Counsel; and,
(4) Request for a Conference Hearing.

On August 18, 2021, I granted you an additional thirty (30) days to amend the June 29th Motion. I required that you file your amended motion on or before Friday, September 17, 2021, and further required that your amended motion address *all* your requests: change of venue, appointment of counsel, and a conference or hearing. On August 23, 2021, the Prothonotary received your "[Amended] Memorandum Supporting Motion to Rehear [sic]" dated August 13, 2021 (the "Amended Motion"). This is my ruling on the Amended Motion.

I first address the four procedural bars of Rule 61.[1] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2] A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[4] In this case, your Amended Motion far exceeds this time limitation. Therefore, consideration of the Amended Motion would normally be barred by the one-year limitation.

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[3] Super. Ct. Crim. R. 61(i).
[4] Super. Ct. Crim. R. 61(i)(1).

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[5]  Since this is your tenth motion for postconviction relief, consideration of the Amended Motion would normally be barred.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[6] You assert new claims which were not raised at trial.  Therefore, consideration of the Amended Motion would normally be barred for "matters not asserted" below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[7]  Most of your claims (such as the alleged *ex post facto* application of the 2014 revisions to Rule 61, due process claims, and the failure of the Court to instruct on a lesser included offense) have been repeatedly and formerly adjudicated at your trial, on appeal to the Delaware Supreme Court, and in numerous prior Rule 61 Motions in this Court.  Therefore, consideration of the Amended Motion would normally be barred for "matters formerly adjudicated."

Under Rule 61, however, none of these four procedural bars applies to a claim that pleads "*with particularity* that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][8]

Similarly, Rule 61 provides in pertinent part:

"A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion … pleads with particularity that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][9]

---

[5] Super. Ct. Crim. R. 61(i)(2).
[6] Super. Ct. Crim. R. 61(i)(3).
[7] Super. Ct. Crim. R. 61(i)(4).
[8] Super. Ct. Crim. R. 61(i)(5).
[9] Super. Ct. Crim. R. 61(d)(2)(i).  This is the section on which you base your Motion.

Generally, the law favors the finality of criminal judgments after the exhaustion of applicable post-trial motions, appeals and collateral proceedings. In this case, you have exhausted your remedies: a direct appeal to the Delaware Supreme Court and ten motions for postconviction relief in this Court. There is an exception, however, on public policy grounds where there is particular new evidence that creates a strong inference that you are actually innocent in fact of the acts underlying the charges of which you were convicted. You should not be denied the right to prove your actual innocence based on new facts. That being said, the bar for creating a strong inference in my mind that you are actually innocent of the offenses of which you were convicted by a jury is quite high. A mere assertion of actual innocence will not suffice. Innocence of the "acts underlying the charges" requires "more than innocence of intent; it requires new evidence that a person other than the petitioner committed the crime."[10]

## ACTUAL INNOCENCE IN FACT

The most recent Delaware Supreme Court case addressing actual innocence in fact is *Purnell v. State*,[11] which you cite as authority for my granting your Rule 61 Motion. In *Purnell*, the Supreme Court found that certain critical evidence was not obtained or presented by trial counsel at trial. The Supreme Court found that this evidence was "new" under the language of Rule 61 and included: ballistic evidence that favored the defendant; a recantation of a statement by a fellow inmate of the defendant that the defendant had confessed to the offense while they were both in jail; evidence inculpating two witnesses who testified against the defendant at trial (including a former client of trial counsel and the defendant's fellow inmate who recanted); impeachment evidence from the parents of the co-defendant who testified against the defendant at trial; and, impeachment evidence that was not raised on cross-examination of a key government witness due to trial counsel's conflict of interest. The Court stated:

> We observe that legitimate claims of actual innocence are exceedingly rare. Indeed, this is the first case where a defendant has satisfied the actual innocence exception to the procedural bars in Rule 61. Because they are so rare, the actual innocence exception, in our view, poses no

---

[10] *State v. Milton Taylor*, 2018 WL 3199537, at *7 (Del. Super. June 28, 2018), *aff'd*, 206 A.3d 825 (Del. 2019) (Table).

[11] __ A.3d __, 2021 WL 2470511 (Del. June 17, 2021).

threat to our State's interest in finality. We believe the result in this case strikes the appropriate balance between our justice system's interests in "finality, comity and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"[12]

The United States Supreme Court has also stated that findings of actual innocence in federal *habeas corpus* cases are reserved for the "rare" or "extraordinary" case.[13]

## The Applicable Persuasive Burden

In *Purnell*, the Delaware Supreme Court analyzed the applicable persuasive burden for a claim of actual innocence in fact and concluded that the defendant must satisfy a two-pronged test: he must establish that his evidence is both (1) new and (2) sufficiently persuasive.

## Federal *Habeas Corpus*

Federal courts employ an analogous doctrine for "actual innocence" in analyzing *habeas corpus* claims. In those cases, *Schlup v. Delo*[14] and its progeny, "actual innocence" constitutes an equitable exception to procedural barriers to a *habeas* petition set forth in federal statute that are analogues to Rule 61's procedural bars.[15] *Schlup* was concerned with cases where "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[16] Envisioning a test in which a petitioner is "required to make a stronger showing than that needed to establish prejudice," the *Schlup* Court established this formulation: "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[17] Federal *habeas* petitions are "gateway innocence claims" because satisfying *Schlup* permits a federal court to review the petitioner's grounds for relief despite an unexcused procedural default, even though the Supreme

---

[12] 2021 WL 2470511, at *55. [Footnotes and Citations Omitted]
[13] *Schlup v. Delo*, 513 U.S. 298, 321 (1995).
[14] *Id.*
[15] *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013).
[16] *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).
[17] *Id.*

Court has "strongly suggested" that proof of actual innocence is not itself a ground for relief.[18]  As the *Schlup* Court explained:

> [I]f a petitioner … presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.[19]

## Delaware Rule 61

After the 2014 amendments to Rule 61, the Superior Court in *Sykes v. State*[20] noted a dearth of Delaware authorities on what constitutes "new" evidence for purposes of the Delaware postconviction remedy, and so it relied on federal cases analyzing *Schlup*'s actual innocence test for the "newness" prong.[21]  In subsequent cases, the Superior Court has relied on *Schlup's* formulation for the "persuasiveness" prong as well,[22] or for both prongs of the actual innocence inquiry.[23]

In *Purnell*, both the State and the defendant argued for a three-prong test to govern both the newness and persuasiveness prongs of the actual innocence exception, requiring a showing: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; and (3) that

---

[18] *Buckner v. Polk*, 453 F.3d 195, 199 (4th Cir. 2006) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also House v. Bell*, 547 U.S. 518, 555 (2006).

[19] *Schlup*, 513 U.S. at 316.

[20] 2017 WL 6205776 (Del. Super. Dec. 7, 2017), *aff'd* 195 A.3d 780 (Del. 2018) (Table).

[21] 2017 WL 6205776, at *5 ("Nonetheless, the federal standard is helpful under these circumstances, as the Court has found little guidance for interpreting the precise meaning of new evidence in relation to a claim of actual innocence pursuant to Rule 61(d)(2)(i)."), *aff'd* 195 A.3d 780 (Del. 2018) (Table).

[22] *State v. Abbatiello*, 2020 WL 1847477, at *3 (Del. Super. Apr. 8, 2020), *aff'd*, 244 A.3d 682 (Del. 2020) (Table); *State v. Windsor*, 2018 WL 3492764, at *2 (Del. Super. Jul. 19, 2018), *aff'd*, 202 A.3d 1126 (Del. 2019) (Table), *cert. denied*, ____U.S. ____, 140 S. Ct. 201, 205 L.Ed.2d 103 (2019).

[23] *State v. White*, 2018 WL 6131897, at *4 (Del. Super. Nov. 21, 2018), *aff'd*, 208 A.3d 731 (Del. 2019) (Table); *State v. Flowers*, 2018 WL 1169644, at *1 (Del. Super. Mar. 6, 2018), *aff'd*, 191 A.3d 291 (Del.) (Table); *White v. State*, 208 A.3d 731, 2019 WL 1529654, at *1 (Del. Apr. 8, 2019) (Table); *Phlipot v. State*, 169 A.3d 351, 2017 WL 3014434, at *1 (Del. July 14, 2017) (Table).

it is not merely cumulative or impeaching.  This three-part test is the standard for a new trial based on newly discovered evidence under Superior Court Criminal Rule 33 established by the Delaware Supreme Court in *Lloyd v. State*.[24]  Another Delaware Supreme Court case, *Downes v. State*,[25] held that the *Lloyd* standard for obtaining a new trial on the basis of new evidence showing actual innocence was an available form of postconviction relief under Rule 61.[26]

*Purnell* adopts the *Lloyd* line of cases to analyze actual innocence claims based on new evidence under Rule 61, but telescopes the three *Lloyd* standards down to two.  It states that, of the three elements of a *Lloyd* claim, the second relates to newness, while the first and third relate to persuasiveness.  On both newness and persuasiveness, *Purnell* states that the *Lloyd* line of cases in Delaware substantially aligns with *Schlup* and its progeny at the federal level.

## Newness

Regarding the newness prong, *Lloyd* holds that evidence is new where it was "discovered since trial, and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence."[27]  Such evidence is "new" in federal courts applying *Schlup* as well.[28]

## Persuasiveness

Regarding the persuasiveness prong, *Lloyd* and *Schlup* articulate the same standard although they use somewhat different language. As the *Schlup* Court explained, the persuasiveness of an innocence claim requires the Court to make "a probabilistic determination about what reasonable, properly instructed jurors would do."[29]  It stressed that the *Schlup* inquiry is about what a reasonable trier of fact is likely to do, not merely what it was empowered to do.[30]  *Schlup* requires a petitioner

---

[24] 534 A.2d 1262, 1267 (Del. 1987) (citing *State v. Lynch*, 128 A. 565, 568 (Del. Oyer & Term. 1925)).

[25] 771 A.2d 289 (Del 2001).

[26] 771 A.2d at 292.

[27] *Lloyd*, 534 A.2d at 1267.

[28] *Carter v. Pierce*, 196 F.Supp.3d 447, 454–55 (D. Del. 2016); *Houck v. Stickman*, 625 F.3d 88, 93–94 (3d Cir. 2010)); *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018), *cert. denied*, ___U.S. ____, 139 S. Ct. 2713, 204 L.Ed.2d 1123 (2019).

[29] 513 U.S. at 329.

[30] *Id*. at 330.

to show that the lack of the new evidence caused more than mere prejudice, meaning more than simply "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[31]

*Lloyd*'s burden of persuasiveness is that the new evidence "*would have probably* changed the result if presented to the jury,"[32] and in *Downes* and subsequently the burden of persuasiveness is the new evidence "*will probably* change the result if a new trial is granted."[33] The *Lloyd* line of cases consistently requires a movant to show that the evidence will *probably* change the result -- meaning that the necessary showing is substantially more than the mere "reasonable probability" necessary to show prejudice. Thus, the *Schlup* and *Lloyd* standards are substantively the same.

The third element of the *Lloyd* test, specifying that actual innocence cannot be satisfied by evidence which is "merely cumulative or impeaching," is also similar to *Schlup*'s test.[34] This element embodies the principle that a body of new evidence that goes only to the weight or credibility of that which was presented to the jury is almost never adequate to meet the demanding bar for being granted a new trial.[35] Generally, to be more than "merely" impeaching or cumulative, new evidence attacking the weight or credibility of a witness's trial evidence attacks the credibility of the witness in the case at bar specifically, rather than impeaching the witness's credibility in general.[36] Where impeachment evidence is submitted along with other material evidence, both can operate together to justify relief.[37] Federal courts applying *Schlup* consider the issue similarly: "Mere impeachment evidence is generally not sufficient to satisfy the actual innocence gateway standard."[38]

---

[31] *Schlup*, 513 U.S. at 332–33 (O'Connor, J., concurring).

[32] 534 A.2d at 1267 (emphasis added).

[33] 771 A.2d at 291 (emphasis added); *Gattis v. State*, 955 A.2d 1276, 1291 (Del. 2008).

[34] 534 A.2d at 1267.

[35] *Mason v. State*, 2020 WL 7392348, at *1 n.2, 244 A.3d 681 (Del. Dec. 16, 2020); *Taylor v. State*, 180 A.3d 41, 2018 WL 655627, at *1 (Del. Jan. 31, 2018) (Table); *State v. Brathwaite*, 2017 WL 5054263, at *2 (Del. Super. Oct. 23, 2017) *aff'd*, 186 A.3d 1240 (Del. 2018).

[36] *State v. Young*, 1982 Del. Super. LEXIS 1062 (Del. Super. Oct. 4, 1982); *Hicks v. State*, 913 A.2d 1149, 1195 (Del. 2008); *Blankenship v. State*, 447 A.2d 428, 433 (Del. 1982).

[37] *Fowler v. State*, 194 A.3d 16, 17, 26–27 (Del. 2018).

[38] *Reeves*, 897 F.3d at 161 (alterations omitted) (quoting *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)).

Because the Delaware Supreme Court found the language of the *Schlup* standard confusing, in *Purnell* it chose to rely on its own standard as set forth in *Lloyd* and *Downes*. Nevertheless, the Supreme Court continues to find the reasoning of the federal cases applying *Schlup* useful and persuasive guidance in examining Rule 61 actual innocence claims.

Satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare. Under both *Lloyd* and *Schlup*, a defendant must present additional evidence that was not available at trial and would not have been despite the defendant's exercise of due diligence, thus making it "new."[39] That new evidence must speak with such persuasive force as to convince the reviewing court that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were granted.

Although findings of actual innocence are reserved for the "rare" or "extraordinary" case, the Delaware Supreme Court, for the first and only time, found *Purnell* to be such a case. However, in my view, your case is not such a rare or extraordinary case.

Beginning on page 19 of the Amended Motion, you set out what you perceive as the new evidence, including exculpatory statements given by eyewitnesses (Anthony Magee and Sherita Stanley) to officers at the scene of the crime, racial epithets used by a police officer, and lying by a witness (Morgan). However, with due diligence this "new" evidence could and should have been discovered before trial. Moreover, these self-serving statements are not accompanied by affidavits or any other type of supporting evidence. Thus, the Amended Motion presents no credible "new" evidence under the "newness" prong of *Purnell*.

Nor does the Amended Motion satisfy the "persuasiveness" prong of *Purnell*. The "new" evidence does not speak with such persuasive force as to convince me that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were

---

[39] *See Schlup*, 513 U.S. at 324 ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

granted. There is otherwise compelling evidence of guilt, and I am satisfied that, even assuming the "new" evidence is considered, a properly instructed jury would come to the same conclusion.

Thus, Rule 61(i)(5) does not apply, and the procedural bars of Rule 61(i)(1)–(4) require me to deny your Amended Motion.

## APPOINTMENT OF POSTCONVICTION COUNSEL

For your second Rule 61 Motion, I may appoint postconviction counsel for you only if I determine that your tenth Amended Motion satisfies the pleading requirements of actual innocence in fact.[40] Having determined that your Amended Motion does not satisfy those pleading requirements, I deny your request for the appointment of postconviction counsel.

## EVIDENTIARY HEARING

Under Rule 61, after considering your Amended Motion, I may determine whether an evidentiary hearing is desirable.[41] In this case, after reviewing the Amended Motion and the record of the prior proceedings, I do not believe that a response from the State or an expansion of the record is necessary, or that an evidentiary hearing is desirable. Thus, I will summarily dispose of the Rule 61 Motion as justice dictates.[42]

In its 2015 decision *Evans v. State*,[43] the Delaware Supreme Court stated that, based on your history of repetitive and frivolous filings, you cannot challenge your criminal convictions in that Court unless you submit the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 Del. C. 8803(e)(5) and that motion is granted by the Supreme Court.

As discussed above, you have not demonstrated with particularity that new evidence exists that creates a strong inference that you are actually innocent in fact of the acts underlying the charges of which you were convicted. Thus, the four

---

[40] Super. Ct. Crim. R. 61(e)(5).
[41] Super. Ct. Crim. R. 61(h)(1).
[42] Super. Ct. Crim. R. 61(h)(3).
[43] 2015 WL 7758307, at *2 (Del. Dec. 1, 2015).

procedural bars to relief under Rule 61 apply, and you have failed to overcome those procedural bars.  Your Amended Motion is **DENIED**.

In addition, you have failed to meet the requirements for the appointment of postconviction counsel.  Your request for the appointment of postconviction counsel is **DENIED**.

Finally, I have determined that an evidentiary hearing is neither necessary nor desirable.  Your request for an evidentiary hearing is **DENIED.**

**IT IS SO ORDERED**.

Very truly yours,


/s/ Craig A. Karsnitz

cc:     Prothonotary