**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| | ) I.D. No. 1510013711A & B |
| v. | ) |
| | ) |
| JOSHUA CHATTIN, | ) |
| | ) |
| Defendant. | ) |

*Upon Consideration of the Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

Submitted: March 3, 2022
Decided: June 22, 2022

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, DE 19801, Attorney for the State of Delaware.

Joshua Chattin, Delaware, *pro se*.


**DAVIS, J.**

This 25th day of May, 2022, upon consideration of the Motion for Postconviction Relief (the "Motion") filed by Defendant Joshua Chattin, *pro se*, on or about August 30, 2021; the Judicial Notice date by Mr. Chattin as of December 24, 2021; the Response of John S. Malik to Rule 61 Motion for Post-Conviction Relief of Defendant Joshua Chattin (the "Trial Counsel Response") filed by John S. Malik, Esquire, on January 7, 2022; the State's Response to Defendant's Motion for Post-Conviction Relief pursuant to Superior Court Criminal Rule 61 (the "Response") filed by the State of Delaware on February 23, 2022; Movant's Reply Brief filed by Mr. Chattin on March 16, 2022, and the entire record of this criminal action:

## I. BACKGROUND

On October 21, 2015, two probation officers responded to 2102 Melson Road, Apartment E54 in Wilmington, Delaware, the residence of Mr. Chattin.[1] The Court previously placed Mr. Chattin on Level 4 Home Confinement.[2] The probation officers were conducting a routine visit to ensure the residence was suitable for the confinement as well as to check the confinement equipment was properly installed.[3] When the probation officers arrived at Mr. Chattin's residence, the probation officers noticed a strong smell of marijuana.[4] The probation officers then sought and received a supervisor's permission to search the residence.[5] Upon entry, the probation officers found heroin, marijuana, and four firearms in the residence.[6] Subsequently, the grand jury indicted Mr. Chattin on drug dealing and firearm related offenses.[7] The Court set Mr. Chattin's trial to begin on September 27, 2016.[8]

On September 28, 2016, after the trial began, Mr. Chattin entered a guilty plea.[9] Specifically, Mr. Chattin pled guilty to the following offenses: (i) Drug Dealing in Heroin; (ii) Possession of a Deadly Weapon During the Commission of a Felony; (iii) Conspiracy Second Degree; and (iv) Possession of a Firearm by a Person Prohibited.[10] The Court accepted Mr. Chattin's guilty plea, finding the plea to be knowing, voluntary, and intelligent.[11] On December 2, 2016, the Court sentenced Mr. Chattin to fourteen years at Level 5 incarceration, which was

---

[1] D.I. No. 38.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] D.I. No. 1.
[9] D.I. No. 51.
[10] D.I. No. 40.
[11] *Id.*

consistent with the State's sentencing recommendation contained in the plea agreement.[12]  Mr. Chattin did not pursue a direct appeal after sentencing.  Therefore, Mr. Chattin's judgment of guilt became final on January 3, 2017.[13]

On June 26, 2017, the Board of Professional Responsibility filed a report with the Court recommending that Mr. Malik be reprimanded and placed on probation for two years.[14]  The Petition for Discipline was filed by the Office of Disciplinary Counsel ("ODC") on February 1, 2017.[15]  The Petition specifically alleged violations of Board Rules 1.5(f), 1.15(a), 1.15(d), 5.3, 8.4(c), and 8.4(d).[16]  The Amended Answer by Mr. Malik admitted to the violations.  As such, a hearing was held primarily for sanctions.[17]

At the time of the hearing, Mr. Malik was a member of the Delaware bar and had been a solo practitioner for over 30 years.[18]  Mr. Malik was the attorney responsible for his firm's books and records.[19]  In the months leading up to April 30, 2016, a compliance audit of Mr. Malik's books and records was conducted by the auditor for the Lawyer's Fund for Client Protection.[20]  The audit determined that Mr. Malik failed to properly pay his tax obligations to the City of Wilmington.[21]  The audit also found that Mr. Malik required Mr. Chattin to pay an advance fee, but Mr. Malik failed to provide Mr. Chattin with "a written statement that the fee is refundable if not earned and the basis upon which the fees shall be considered earned."[22]  Failing to provide

---

[12] D.I. No. 45 at Ex. B.
[13] *See* Del. Supreme Court Rule 6(a)(iii).
[14] *Matter of Malik*, 167 A.3d 1189, 1 (Del. 2017).
[15] *Id.* at 2.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 3.

this written statement was a violation of Rule 1.5(f).[23] ODC found Mr. Malik to be in violation of this rule with regards to Mr. Chattin and sanctioned Mr. Malik accordingly.[24]

## II. THE MOTION

Mr. Chattin filed the Motion on August 27, 2021. The Motion alleges ineffective assistance of counsel.[25] Specifically, the Motion contends that: (i) Mr. Malik, Mr. Chattin's trial counsel, was ineffective for failing to maintain a signed fee agreement; and (ii) Mr. Malik was ineffective for failing to file a motion to suppress evidence.[26]

The State filed the Response on February 23, 2021, stating that Mr. Chattin's claim is procedurally barred because it was filed years after final judgement and that it holds no merit even if timely filed.[27] The Trial Counsel Response notes that ODC's sanctions did not relate to Mr. Malik's representation of Mr. Chattin at trial, observing that the sanction related to the absence of a signed retainer agreement and not trial conduct.[28] In addition, Mr. Malik contends that no valid grounds existed for filing a motion to suppress evidence.[29]

## III. LEGAL STANDARD

Criminal Rule 61 governs motions for postconviction relief. Before addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether a defendant has satisfied the procedural requirements of Criminal Rule 61.[30] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[31]

---

[23] *Id.*
[24] *Id.* at 8.
[25] D.I. No. 45.
[26] *Id.*
[27] D.I. No. 51.
[28] D.I. No. 49.
[29] Id.
[30] *See Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[31] *Id.*

Criminal Rule 61 establishes four procedural bars to postconviction relief.[32]  Under Criminal Rule 61, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[33]  Criminal Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[34]  A second or subsequent motion is repetitive and therefore barred.[35]  Criminal Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."[36]  Criminal Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.[37]

The procedural bars contained in Criminal Rule 61(i)(1)-(4) may be rescinded only if there is a means by which to do so in the applicable subsection of Criminal Rule 61.[38] Absent such relief, Criminal Rule 61(i)(5) provides additional reprieve from the procedural bars described in Criminal Rule 61(i)(1)-(4).[39] Under Criminal Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i)

---

[32] Super. Ct. Crim. R. 61(i)(1)-(4).
[33] *Id.*
[34] Super. Ct. Crim. R. 61(i)(1).
[35] Super. Ct. Crim. R. 61(i)(2).
[36] Super. Ct. Crim. R. 61(i)(3).
[37] Super. Ct. Crim. R. 61(i)(4).
[38] *State v. MacDonald*, 2007 WL 1378332, *4 (Del. Super. May 9, 2007).
[39] *Id.*

or (2)(ii) of subdivision (d) of this rule."[40]  The subparts in Criminal Rule 61(d)(2) require that a movant:

(i)     pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)    pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[41]

When alleging new evidence, a defendant must establish that the "(1) evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; and (3) that it is not merely cumulative or impeaching."[42]

## IV.    DISCUSSION

Unless an exception applies, the Motion is time-barred under Criminal Rule 61(i)(1).  Mr. Chattin filed the Motion on August 27, 2022.[43]  The judgement of guilt in Mr. Chattin's criminal action became final on January 3, 2017, thirty days after sentencing with no appeal.  Mr. Chattin asserted his claims of ineffective assistance of counsel more than four years after January 3, 2017.  Any claims made after January 3, 2018, are time-barred pursuant to Criminal Rule 61(i)(1).

Mr. Chattin alleges new evidence exists and therefore the Motion is exempt from the procedural time-bar of Criminal Rule 61(i)(1).  Specifically, Mr. Chattin contends Mr. Malik's failure to maintain a signed fee agreement and his failure to file a motion to suppress constitute

---

[40] Super. Ct. Crim. R. 61(i)(5).
[41] Super. Ct. Crim. R. 61(d)(2).
[42] *Downes v. State*, 771 A.2d 289, 291 (Del. 2001).
[43] D.I. No. 45.

6

as new evidence.[44]  The Court finds that Mr. Chattin's ineffective assistance of counsel claims do not constitute the discovery of new evidence under Criminal Rule 61.  Accordingly, the Motion is procedurally barred.

New evidence must be plead "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent."[45]  Here, neither claim is asserted with particularity but, rather, are made in conclusory fashion.  Mr. Chattin does not present any evidence that if his claims were accepted, this would create a strong inference that he is innocent.  The failure to file a motion to suppress claim does not constitute as new evidence that creates a strong inference of actual innocence but is a claim that should have been asserted in the first year after conviction.  Further, Mr. Chattin argues that an unrelated sanction on Mr. Malik regarding a failure to provide a fee agreement constitutes new evidence.

Although Mr. Malik sanctions took place after January 3, 2012, the charges and sanctions are not relevant to Mr. Chattin's actual criminal action and conviction.  Mr. Chattin is requesting a new trial due to alleged newly discovered evidence.  Therefore, Mr. Chattin carries the burden of demonstrating how this new evidence is such that would probably change the result if the new trial were granted, the evidence could not have been discovered before by due diligence, and it is not merely cumulative or impeaching.[46]  Nothing about Mr. Malik's interaction with ODC presents new evidence that would create a strong probability of a change in the outcome of Mr. Chattin's conviction.

---

[44] D.I. No. 45.
[45] Super. Ct. Crim. R. 61(d)(2).
[46] *Downes v. State*, 771 A.2d 289, 291 (Del. 2001).

## V. CONCLUSION

Accordingly, for the reasons stated above, Mr. Chattin's Motion for Postconviction Relief

is **SUMMARILY DISMISSED**.

/s/ Eric M. Davis

Eric M. Davis, Judge

cc:    Original to Prothonotary
Joshua Chattin (SBI #00516356)
Matthew B. Frawley, Deputy Attorney General