SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

October 6, 2022

Samuel Layton
SBI# 00247902
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Samuel Layton,* Cr. No. 0205011859
Fourth Motion for Postconviction Relief (R-4) and Request for Appointment
of Postconviction Counsel

Dear Mr. Layton:

You were convicted by a jury of numerous sex offenses (rape, sexual abuse of minors, and unlawful sexual contact) twenty years ago, on December 11, 2002, and sentenced on January 31, 2003. You filed a direct appeal to the Delaware Supreme Court, which was denied on August 26, 2003. Subsequently you filed three (3) successive motions for postconviction relief with this Court under Delaware Superior Court Rule Criminal Rule 61 ("Rule 61") on the following dates: July 17, 2006, March 8, 2010, and September 18, 2012. All three motions were denied, and all three denials were affirmed by the Delaware Supreme Court. On September 12,

2022, I received your fourth, *pro se* Motion for Postconviction Relief under Rule 61 (the "Motion"), together with a Memorandum of Law in Support of Rule 61 Postconviction Relief (the "Memorandum"), which includes a request for the appointment of postconviction counsel to represent you ( the "PCC Request"). You state two grounds for relief: (1) new facts which demonstrate actual innocence in fact of the crimes for which you were convicted, and (2) ineffective assistance of counsel.[1] With respect to your claim of actual innocence in fact, you claim that you have new evidence of your innocence, and you cite as authority *Purnell v. State*,[2] a Delaware Supreme Court decision.

As you acknowledge in the Memorandum, the threshold issue is whether the Motion is barred under the four procedural bars of Rule 61.[3] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[4] A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[5]

---

[1] The second ground is wholly derivative of the first ground; i.e., you allege that your trial counsel was ineffective in obtaining and presenting this new evidence that would have exonerated you.

[2] 254 A.3d 1053 (Del. 2021).

[3] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[4] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[5] Super. Ct. Crim. R. 61(i).

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[6]  In this case, your conviction became final far more than a year ago.  Therefore, consideration of the Motion would normally be barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[7]   Since this is your fourth motion for postconviction relief, consideration of the Motion would normally be barred.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[8] You assert some new claims which were not raised at trial.[9]  Therefore, consideration of the Motion would normally be barred for "matters not asserted" below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[10]   Your claim of ineffective assistance of counsel was formerly adjudicated in your prior Rule 61 motions.  Therefore, consideration of the Motion would normally be barred for "matters formerly adjudicated."

---

[6] Super. Ct. Crim. R. 61(i)(1).
[7] Super. Ct. Crim. R. 61(i)(2).
[8] Super. Ct. Crim. R. 61(i)(3).
[9] For example, you argue for the first time that the trial judge should have *sua sponte* issued a judgment of acquittal for insufficient evidence to sustain your conviction.
[10] Super. Ct. Crim. R. 61(i)(4).

Under Rule 61, however, none of these four procedural bars applies to a claim that pleads "*with particularity* that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][11]

Similarly, Rule 61 provides in pertinent part:

> "A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion … pleads with particularity that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][12]

Generally, the law favors the finality of criminal judgments after the exhaustion of applicable post-trial motions, appeals and collateral proceedings. In this case, you have exhausted your remedies of a direct appeal to the Delaware Supreme Court and three previous motions for postconviction relief in this Court. There is an exception, however, on public policy grounds where there is particular new evidence that creates a strong inference that you are actually innocent in fact of the acts underlying the charges of which you were convicted. You should not be denied the right to prove your actual innocence based on new facts. That being said, the bar for creating a strong inference in my mind that you are actually innocent of the offenses of which you were convicted by a jury is quite high. A mere assertion of actual innocence

---

[11] Super. Ct. Crim. R. 61(i)(5).
[12] Super. Ct. Crim. R. 61(d)(2)(i).

will not suffice. Innocence of the "acts underlying the charges" requires "more than innocence of intent; it requires new evidence that a person other than the petitioner committed the crime."[13]

## THE MOTION -- ACTUAL INNOCENCE IN FACT

You cite as authority for my granting your Motion *Purnell v. State*,[14] which addresses actual innocence in fact. In *Purnell*, the Supreme Court found that certain critical evidence was not obtained or presented by trial counsel at trial. The Supreme Court found that this evidence was "new" under the language of Rule 61 and included: ballistic evidence that favored the defendant; a recantation of a statement by a fellow inmate of the defendant that the defendant had confessed to the offense while they were both in jail; evidence inculpating two witnesses who testified against the defendant at trial (including a former client of trial counsel and the defendant's fellow inmate who recanted); impeachment evidence from the parents of the co-defendant who testified against the defendant at trial; and, impeachment evidence that was not raised on cross-examination of a key government witness due to trial counsel's conflict of interest. The Court stated:

> We observe that legitimate claims of actual innocence are exceedingly rare. Indeed, this is the first case where a defendant has satisfied the actual innocence exception to the procedural bars in Rule 61. Because they are so rare, the actual innocence exception, in our view, poses no

---

[13] *State v. Taylor*, 2018 WL 3199537, at *7 (Del. Super. June 28, 2018), *aff'd*, 206 A.3d 825 (Del. 2019) (Table).
[14] 254 A.3d 1053 (Del. 2021).

threat to our State's interest in finality. We believe the result in this case strikes the appropriate balance between our justice system's interests in "finality, comity and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"[15]

The United States Supreme Court has also stated that findings of actual innocence in federal *habeas corpus* cases are reserved for the "rare" or "extraordinary" case.[16]

## The Applicable Persuasive Burden

In *Purnell*, the Delaware Supreme Court analyzed the applicable persuasive burden for a claim of actual innocence in fact and concluded that the defendant must satisfy a two-pronged test: he must establish that his evidence is both (1) new and (2) sufficiently persuasive.

## Federal *Habeas Corpus*

Federal courts employ an analogous doctrine for "actual innocence" in analyzing *habeas corpus* claims. In those cases, *Schlup v. Delo*[17] and its progeny, "actual innocence" constitutes an equitable exception to procedural barriers to a *habeas* petition set forth in federal statute that are analogous to Rule 61's procedural bars.[18] *Schlup* was concerned with cases where "a constitutional

---

[15] 2021 WL 2470511, at *55. [Footnotes and Citations Omitted]
[16] *Schlup v. Delo*, 513 U.S. 298, 321 (1995).
[17] *Id.*
[18] *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013).

violation has probably resulted in the conviction of one who is actually innocent."[19] Envisioning a test in which a petitioner is "required to make a stronger showing than that needed to establish prejudice," the *Schlup* Court established this formulation: "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[20] Federal *habeas* petitions are "gateway innocence claims" because satisfying *Schlup* permits a federal court to review the petitioner's grounds for relief despite an unexcused procedural default, even though the Supreme Court has "strongly suggested" that proof of actual innocence is not itself a ground for relief.[21] As the *Schlup* Court explained:

> [I]f a petitioner … presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.[22]

**Delaware Rule 61**

After the 2014 amendments to Rule 61, the Superior Court in *Sykes v. State*[23] noted a dearth of Delaware authorities on what constitutes "new" evidence for purposes of the Delaware postconviction remedy, and so it relied on federal cases

---

[19] *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).
[20] *Id.*
[21] *Buckner v. Polk*, 453 F.3d 195, 199 (4th Cir. 2006) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also House v. Bell*, 547 U.S. 518, 555 (2006).
[22] *Schlup*, 513 U.S. at 316.
[23] 2017 WL 6205776 (Del. Super. Dec. 7, 2017), *aff'd*, 195 A.3d 780 (Del. 2018) (Table).

7

analyzing *Schlup*'s actual innocence test for the "newness" prong.[24]  In subsequent cases, the Superior Court has relied on *Schlup's* formulation for the "persuasiveness" prong as well,[25] or for both prongs of the actual innocence inquiry.[26]

In *Purnell*, both the State and the defendant argued for a three-prong test to govern both the newness and persuasiveness prongs of the actual innocence exception, requiring a showing: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; and (3) that it is not merely cumulative or impeaching.  This three-part test is the standard for a new trial based on newly discovered evidence under Superior Court Criminal Rule 33 established by the Delaware Supreme Court in *Lloyd v. State*.[27]  Another Delaware Supreme Court case, *Downes v. State*,[28] held that the *Lloyd* standard for

---

[24] 2017 WL 6205776, at *5 ("Nonetheless, the federal standard is helpful under these circumstances, as the Court has found little guidance for interpreting the precise meaning of new evidence in relation to a claim of actual innocence pursuant to Rule 61(d)(2)(i)."), *aff'd*, 195 A.3d 780 (Del. 2018) (Table).

[25] *State v. Abbatiello*, 2020 WL 1847477, at *3 (Del. Super. Apr. 8, 2020), *aff'd*, 244 A.3d 682 (Del. 2020) (Table); *State v. Windsor*, 2018 WL 3492764, at *2 (Del. Super. Jul. 19, 2018), *aff'd*, 202 A.3d 1126 (Del. 2019) (Table), *cert. denied*, ____U.S. ____, 140 S. Ct. 201, 205 L.Ed.2d 103 (2019).

[26] *State v. White*, 2018 WL 6131897, at *4 (Del. Super. Nov. 21, 2018), *aff'd*, 208 A.3d 731 (Del. 2019) (Table); *State v. Flowers*, 2018 WL 1169644, at *1 (Del. Super. Mar. 6, 2018), *aff'd*, 191 A.3d 291 (Del.) (Table); *White v. State*, 208 A.3d 731, 2019 WL 1529654, at *1 (Del. Apr. 8, 2019) (Table); *Phlipot v. State*, 169 A.3d 351, 2017 WL 3014434, at *1 (Del. July 14, 2017) (Table).

[27] 534 A.2d 1262, 1267 (Del. 1987) (citing *State v. Lynch*, 128 A. 565, 568 (Del. Oyer & Term. 1925)).

[28] 771 A.2d 289 (Del 2001).

obtaining a new trial on the basis of new evidence showing actual innocence was an available form of postconviction relief under Rule 61.[29]

*Purnell* adopts the *Lloyd* line of cases to analyze actual innocence claims based on new evidence under Rule 61, but telescopes the three *Lloyd* standards down to two. It states that, of the three elements of a *Lloyd* claim, the second relates to newness, while the first and third relate to persuasiveness. On both newness and persuasiveness, *Purnell* states that the *Lloyd* line of cases in Delaware substantially aligns with *Schlup* and its progeny at the federal level.

## Newness

Regarding the newness prong, *Lloyd* holds that evidence is new where it was "discovered since trial, and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence."[30] Such evidence is "new" in federal courts applying *Schlup* as well.[31]

## Persuasiveness

Regarding the persuasiveness prong, *Lloyd* and *Schlup* articulate the same standard although they use somewhat different language. As the *Schlup* Court explained, the persuasiveness of an innocence claim requires the Court to make "a

---

[29]  771 A.2d at 292.
[30] *Lloyd*, 534 A.2d at 1267.
[31] *Carter v. Pierce*, 196 F.Supp.3d 447, 454–55 (D. Del. 2016); *Houck v. Stickman*, 625 F.3d 88, 93–94 (3d Cir. 2010); *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018), *cert. denied*, ___U.S. ____, 139 S. Ct. 2713, 204 L.Ed.2d 1123 (2019).

9

probabilistic determination about what reasonable, properly instructed jurors would do."[32]  It stressed that the *Schlup* inquiry is about what a reasonable trier of fact is likely to do, not merely what it was empowered to do.[33]  *Schlup* requires a petitioner to show that the lack of the new evidence caused more than mere prejudice, meaning more than simply "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[34]

*Lloyd*'s burden of persuasiveness is that the new evidence "*would have probably* changed the result if presented to the jury,"[35] and in *Downes* and subsequent cases the burden of persuasiveness is that the new evidence "*will probably* change the result if a new trial is granted."[36] The *Lloyd* line of cases consistently requires a movant to show that the evidence will *probably* change the result -- meaning that the necessary showing is substantially more than the mere "reasonable probability" necessary to show prejudice. Thus, the *Schlup* and *Lloyd* standards are substantively the same.

The third element of the *Lloyd* test, specifying that actual innocence cannot be satisfied by evidence which is "merely cumulative or impeaching," is also similar to *Schlup*'s test.[37]  This element embodies the principle that a body of new evidence

---

[32] 513 U.S. at 329.
[33] *Id*. at 330.
[34] *Schlup*, 513 U.S. at 332–33 (O'Connor, J., concurring).
[35] 534 A.2d at 1267 (emphasis added).
[36] 771 A.2d at 291 (emphasis added); *Gattis v. State*, 955 A.2d 1276, 1291 (Del. 2008).
[37] 534 A.2d at 1267.

that goes only to the weight or credibility of that which was presented to the jury is almost never adequate to meet the demanding bar for being granted a new trial.[38] Generally, to be more than "merely" impeaching or cumulative, new evidence attacking the weight or credibility of a witness's trial evidence attacks the credibility of the witness in the case at bar specifically, rather than impeaching the witness's credibility in general.[39] Where impeachment evidence is submitted along with other material evidence, both can operate together to justify relief.[40] Federal courts applying *Schlup* consider the issue similarly: "Mere impeachment evidence is generally not sufficient to satisfy the actual innocence gateway standard."[41]

Because the Delaware Supreme Court found the language of the *Schlup* standard confusing, in *Purnell* it chose to rely on its own standard as set forth in *Lloyd* and *Downes*. Nevertheless, the Supreme Court continues to find the reasoning of the federal cases applying *Schlup* useful and persuasive guidance in examining Rule 61 actual innocence claims.

Satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare. Under both *Lloyd* and *Schlup*, a defendant

---

[38] *Mason v. State*, 2020 WL 7392348, at *1 n.2, 244 A.3d 681 (Del. Dec. 16, 2020); *Taylor v. State*, 180 A.3d 41, 2018 WL 655627, at *1 (Del. Jan. 31, 2018) (Table); *State v. Brathwaite*, 2017 WL 5054263, at *2 (Del. Super. Oct. 23, 2017), *aff'd*, 186 A.3d 1240 (Del. 2018).

[39] *State v. Young*, 1982 Del. Super. LEXIS 1062 (Del. Super. Oct. 4, 1982); *Hicks v. State*, 913 A.2d 1149, 1195 (Del. 2008); *Blankenship v. State*, 447 A.2d 428, 433 (Del. 1982).

[40] *Fowler v. State*, 194 A.3d 16, 17, 26–27 (Del. 2018).

[41] *Reeves*, 897 F.3d at 161 (alterations omitted) (quoting *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)).

must present additional evidence that was not available at trial and would not have been despite the defendant's exercise of due diligence, thus making it "new."[42] That new evidence must speak with such persuasive force as to convince the reviewing court that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were granted.

Although findings of actual innocence are reserved for the "rare" or "extraordinary" case, the Delaware Supreme Court, for the first and only time, found *Purnell* to be such a case. However, in my view, your case is not such a rare or extraordinary case. The Motion presents no credible "new" evidence under the "newness" prong of *Purnell*. Nor does it satisfy the "persuasiveness" prong of *Purnell*.[43]

The "new" evidence you proffer is that the DNA evidence offered at trial with respect to the numerous sexual offenses of which the jury convicted you was not held in a proper chain of custody and not properly tested for DNA before being turned over to the State for prosecution of the case. You further argue that, since the DNA evidence recovered was unreliable, it should have been subjected to post-

---

[42] *See Schlup*, 513 U.S. at 324 ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

[43] See *Evans v. State*, __ A.3d __, 2022 WL 2234980 (Del. June 15, 2022).

conviction DNA testing rigorous enough to corroborate the State's case and your conviction. You base your allegations on unsubstantiated comments allegedly made by Joseph Hurley, Esquire, a Delaware attorney, to your trial counsel stating that the State "had routinely suppressed evidence in trial matters[44] … and this alone was prosecutorial misconduct of the highest order."[45] You also argue that there should have been forensic tests with respect to the oral sex charges. In my view, none of these allegations relate to "new" evidence. You raise no new facts discovered since trial, and the circumstances do not indicate that this could not have been discovered before trial with due diligence. Your arguments all relate to evidence that existed at the time of trial, and arguments that could have been made at trial.

Even if your evidence were "new," you have not shown a reasonable probability that the jury would have had a reasonable doubt respecting your guilt. The other evidence of your guilt is significant. That new evidence must speak with such persuasive force as to convince me that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were granted. I am not convinced.

The gravamen of the second count of your Motion is that your lawyer was ineffective for failing to raise these matters earlier in the proceedings. Thus, *a*

---

[44] In violation of *Brady v. Maryland*, 373 U.S. 83 (1963).
[45] Memorandum, pg.10.

*fortiori*, if the arguments you make in your first count fail, so too does your second count.

### REQUEST FOR APPOINTMENT OF POSTCONVICTION COUNSEL

I have also considered your PCC Request, and I deny it for the following reasons.

Rule 61(e)(5) provides in pertinent part:

For an indigent movant's second or subsequent postconviction motion, the judge may appoint counsel for an indigent movant only if the judge determines that the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

As discussed earlier in this letter, Rule 61(d)(2)(i) provides in pertinent part:

A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) *pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted* … [Emphasis supplied]

Since this is your fourth postconviction motion, ordinarily your PCC Request would be summarily dismissed, unless you plead with particularity actual innocence in fact. Since, as discussed above, I have rejected your claim of actual innocence in fact, I also deny your request for the appointment of postconviction counsel.

As discussed above, you have not demonstrated with particularity that new evidence exists that creates a strong inference that you are actually innocent in fact

14

of the acts underlying the charges of which you were convicted.  Thus, the four procedural bars to relief under Rule 61 apply, and you have failed to overcome those procedural bars.  Therefore, your Rule 61 Motion is summarily **DENIED**.  Your request for the appointment of postconviction counsel is also **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary's Office
       Department of Justice