SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

April 10, 2023

Thomas R. Miller
SBI# 144108
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Thomas R. Miller,* No. 92-12-0044 – 0045
    Sixth Motion for Postconviction Relief (R-6)
    Motion for a Miscarriage of Justice
    Motion to New Discovered Evidence
    (with Appendix and Memorandum of Law)

Dear Mr. Miller:

Your case goes back more than twenty years and involves two trials. Thomas Barnett and Karl Haller were your trial counsel at the first trial. On June 14, 1993, you entered a guilty plea to two felony charges: Second Degree Unlawful Sexual Intercourse and First Degree Burglary.[1] However, before sentencing you moved to withdraw your guilty plea. Your motion was denied. On July 16, 1993, you were

---

[1] Another charge of Unlawful Sexual Intercourse was dismissed, and charges of Unlawful Sexual Penetration and Criminal Trespass resulted in *nolle prosequi*.

sentenced as follows: with respect to Unlawful Sexual Intercourse, twenty years at Level V, suspended after seventeen years for one year at Level IV work release, followed by two years at Level II; with respect to First Degree Burglary, ten years at Level V (to run concurrently), suspended after five years for five years at Level III probation.

On August 12, 1993, you filed a *pro se* Rule 61 Petition. This Court appointed Rosemary Beauregard as postconviction counsel for you. This Court heard the Rule 61 Motion on March 11, 1994, granted it, and allowed you to withdraw your guilty plea.

Your second jury trial on charges of Second Degree Unlawful Sexual Intercourse and First Degree Burglary began on May 24, 1994. On May 25, 1994, the jury convicted you of both charges, and on May 26, 1994, this Court sentenced you to eight years at Level V for Burglary and life at Level V for Unlawful Sexual Intercourse. You filed a direct appeal with the Delaware Supreme Court, which affirmed your conviction on June 1, 1995. Rosemary Beauregard served as your trial counsel ("Trial Counsel") in the second trial, and as appellate counsel for your direct appeal to the Delaware Supreme Court,

Between 1995 and 2017, you filed five *pro se* Rule 61 Petitions, all of which were denied, and all the denials were affirmed by the Delaware Supreme Court.  On

November 4, 2022, you filed your Sixth *pro se* Rule 61 Petition (the "Petition"), together with a "Motion to New Discovered Evidence" and a "Motion for a Miscarriage of Justice," with an Appendix and Memorandum of Law. You state two grounds: (1) discovery of new evidence in the rape kit that the State suppressed in violation of *Brady*,[2] and (2) ineffective assistance of Trial Counsel in failing to conduct an adequate investigation of the facts and raise these possible defenses. With respect to the *Brady* violation, you cite my decision in *State v. Jones*.[3]

A threshold issue is whether the Petition is barred under one or more of the four procedural bars of Rule 61.[4] If a procedural bar exists, as a general rule I will not address the merits of the Petition.[5] The Petition can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[6]

First, a Petition exceeds time limitations if it is filed more than one year after the conviction becomes final.[7] In this case, your conviction became final far more

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).
[3] 2019 WL 6726837 (Del. Super. Dec. 11, 2019).
[4] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[5] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[6] Super. Ct. Crim. R. 61(i).
[7] Super. Ct. Crim. R. 61(i)(1).

than a year ago. Therefore, consideration of the Petition would normally be barred by the one-year limitation.

Second, second or subsequent petitions are not permitted unless certain conditions are satisfied.[8] Since this is your sixth Petition, consideration of the Petition would normally be barred.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[9] You assert some new claims which were not raised at trial.[10] Therefore, consideration of the Petition would normally be barred for "matters not asserted" below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[11] Your claim of ineffective assistance of counsel was formerly adjudicated in your prior Rule 61 motions. Therefore, consideration of the Petition would normally be barred for "matters formerly adjudicated."

Under Rule 61, however, none of these four procedural bars applies to a claim that pleads "*with particularity* that new evidence exists that creates a strong

---

[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] For example, you argue for the first time that the trial judge should have *sua sponte* issued a judgment of acquittal for insufficient evidence to sustain your conviction.
[11] Super. Ct. Crim. R. 61(i)(4).

inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][12]

Similarly, Rule 61 provides in pertinent part:

"A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion … pleads with particularity that new evidence exists that creates a strong inference that the movant is *actually innocent in fact* of the acts underlying the charges of which he was convicted." [Emphasis supplied.][13]

Generally, the law favors the finality of criminal judgments after the exhaustion of applicable post-trial motions, appeals and collateral proceedings. In this case, you have exhausted your remedies of a direct appeal to the Delaware Supreme Court and five previous motions for postconviction relief in this Court. There is an exception, however, on public policy grounds where there is particular new evidence that creates a strong inference that you are actually innocent in fact of the acts underlying the charges of which you were convicted. You should not be denied the right to prove your actual innocence based on new facts. That being said, the bar for creating a strong inference that you are actually innocent of the offenses of which you were convicted by a jury is quite high. A mere assertion of actual innocence will not suffice. Innocence of the "acts underlying the charges" requires "more than

---

[12] Super. Ct. Crim. R. 61(i)(5).
[13] Super. Ct. Crim. R. 61(d)(2)(i).

innocence of intent; it requires new evidence that a person other than the petitioner committed the crime."[14]

You cite as authority for my granting your Petition my 2019 decision in *State v. Jones*. In that case, I found that the State had an understanding with another defendant that it would approve his effort to reduce his sentence in exchange for his testimony against Jones, and that this was not disclosed to the defendant. Under the most basic requirements of *Brady,* I found that this arrangement had to be disclosed to Jones' defense team. Because it was not disclosed, I found Jones' trial to be fundamentally unfair, and I granted his Rule 61 petition. By contrast, in your case I find no evidence whatsoever that the State failed to share any information with Trial Counsel. Certain evidence may not have been contained in the rape kit itself, but it was adduced elsewhere in your trial. Thus, there was no *Brady* violation as in *Jones*.

The Delaware Supreme Court addressed the issue of actual innocence in fact in the Rule 61 context in *Purnell v. State*.[15] The Court found that certain critical evidence was not obtained or presented by trial counsel at trial. The Supreme Court found that this evidence was "new" under the language of Rule 61 and included: ballistic evidence that favored the defendant; a recantation of a statement by a fellow inmate of the defendant that the defendant had confessed to the offense while they

---

[14] *State v. Taylor*, 2018 WL 3199537, at *7 (Del. Super. June 28, 2018), *aff'd*, 206 A.3d 825 (Del. 2019) (Table).
[15] 254 A.3d 1053 (Del. 2021).

were both in jail; evidence inculpating two witnesses who testified against the defendant at trial (including a former client of trial counsel and the defendant's fellow inmate who recanted); impeachment evidence from the parents of the co-defendant who testified against the defendant at trial; and, impeachment evidence that was not raised on cross-examination of a key government witness due to trial counsel's conflict of interest. The Court stated:

> We observe that legitimate claims of actual innocence are exceedingly rare. Indeed, this is the first case where a defendant has satisfied the actual innocence exception to the procedural bars in Rule 61. Because they are so rare, the actual innocence exception, in our view, poses no threat to our State's interest in finality. We believe the result in this case strikes the appropriate balance between our justice system's interests in "finality, comity and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"[16]

In *Purnell*, the Court also analyzed the applicable persuasive burden for a claim of actual innocence in fact and concluded that the defendant must satisfy a two-pronged test: he must establish that his evidence is both (1) new and (2) sufficiently persuasive.

After the 2014 amendments to Rule 61, the Superior Court in *Sykes v. State*[17] noted a dearth of Delaware authorities on what constitutes "new" evidence for purposes of the Delaware postconviction remedy, and so it relied on the United

---

[16] 2021 WL 2470511, at *55. [Footnotes and Citations Omitted]
[17] 2017 WL 6205776 (Del. Super. Dec. 7, 2017), *aff'd*, 195 A.3d 780 (Del. 2018) (Table).

States Supreme Court case *Schlup v. Delo*[18] and its federal progeny in analyzing the "newness" prong.[19] In subsequent cases, the Superior Court has relied on *Schlup's* formulation for the "persuasiveness" prong as well,[20] or for both prongs of the actual innocence inquiry.[21]

In *Purnell*, both the State and the defendant argued for a three-prong test to govern both the newness and persuasiveness prongs of the actual innocence exception, requiring a showing: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; and (3) that it is not merely cumulative or impeaching. This three-part test is the standard for a new trial based on newly discovered evidence under Superior Court Criminal Rule 33 established by the Delaware Supreme Court in *Lloyd v. State*.[22] Another

---

[18] 513 U.S. at 327 (1986).

[19] 2017 WL 6205776, at *5 ("Nonetheless, the federal standard is helpful under these circumstances, as the Court has found little guidance for interpreting the precise meaning of new evidence in relation to a claim of actual innocence pursuant to Rule 61(d)(2)(i)."), *aff'd*, 195 A.3d 780 (Del. 2018) (Table).

[20] *State v. Abbatiello*, 2020 WL 1847477, at *3 (Del. Super. Apr. 8, 2020), *aff'd*, 244 A.3d 682 (Del. 2020) (Table); *State v. Windsor*, 2018 WL 3492764, at *2 (Del. Super. Jul. 19, 2018), *aff'd*, 202 A.3d 1126 (Del. 2019) (Table), *cert. denied*, ____U.S. ____, 140 S. Ct. 201, 205 L.Ed.2d 103 (2019).

[21] *State v. White*, 2018 WL 6131897, at *4 (Del. Super. Nov. 21, 2018), *aff'd*, 208 A.3d 731 (Del. 2019) (Table); *State v. Flowers*, 2018 WL 1169644, at *1 (Del. Super. Mar. 6, 2018), *aff'd*, 191 A.3d 291 (Del.) (Table); *White v. State*, 208 A.3d 731, 2019 WL 1529654, at *1 (Del. Apr. 8, 2019) (Table); *Phlipot v. State*, 169 A.3d 351, 2017 WL 3014434, at *1 (Del. July 14, 2017) (Table).

[22] 534 A.2d 1262, 1267 (Del. 1987) (citing *State v. Lynch*, 128 A. 565, 568 (Del. Oyer & Term. 1925)).

Delaware Supreme Court case, *Downes v. State*,[23] held that the *Lloyd* standard for obtaining a new trial on the basis of new evidence showing actual innocence was an available form of postconviction relief under Rule 61.[24]

*Purnell* adopts the *Lloyd* line of cases to analyze actual innocence claims based on new evidence under Rule 61, but telescopes the three *Lloyd* standards down to two. It states that, of the three elements of a *Lloyd* claim, the second relates to newness, while the first and third relate to persuasiveness. On both newness and persuasiveness, *Purnell* states that the *Lloyd* line of cases in Delaware substantially aligns with *Schlup* and its progeny at the federal level.

### Newness

Regarding the newness prong, *Lloyd* holds that evidence is new where it was "discovered since trial, and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence."[25] Such evidence is "new" in federal courts applying *Schlup* as well.[26]

### Persuasiveness

Regarding the persuasiveness prong, *Lloyd* and *Schlup* articulate the same standard although they use somewhat different language. As the *Schlup* Court

---

[23] 771 A.2d 289 (Del 2001).
[24] 771 A.2d at 292.
[25] *Lloyd*, 534 A.2d at 1267.
[26] *Carter v. Pierce*, 196 F.Supp.3d 447, 454–55 (D. Del. 2016); *Houck v. Stickman*, 625 F.3d 88, 93–94 (3d Cir. 2010); *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018), *cert. denied*, ___U.S. ____, 139 S. Ct. 2713, 204 L.Ed.2d 1123 (2019).

explained, the persuasiveness of an innocence claim requires the Court to make "a probabilistic determination about what reasonable, properly instructed jurors would do."[27] It stressed that the *Schlup* inquiry is about what a reasonable trier of fact is likely to do, not merely what it was empowered to do.[28] *Schlup* requires a petitioner to show that the lack of the new evidence caused more than mere prejudice, meaning more than simply "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[29]

*Lloyd*'s burden of persuasiveness is that the new evidence "*would have probably* changed the result if presented to the jury,"[30] and in *Downes* and subsequent cases the burden of persuasiveness is that the new evidence "*will probably* change the result if a new trial is granted."[31] The *Lloyd* line of cases consistently requires a movant to show that the evidence will *probably* change the result -- meaning that the necessary showing is substantially more than the mere "reasonable probability" necessary to show prejudice. Thus, the *Schlup* and *Lloyd* standards are substantively the same.

The third element of the *Lloyd* test, specifying that actual innocence cannot be satisfied by evidence which is "merely cumulative or impeaching," is also similar

---

[27] 513 U.S. at 329.

[28] *Id*. at 330.

[29] *Schlup*, 513 U.S. at 332–33 (O'Connor, J., concurring).

[30] 534 A.2d at 1267 (emphasis added).

[31] 771 A.2d at 291 (emphasis added); *Gattis v. State*, 955 A.2d 1276, 1291 (Del. 2008).

to *Schlup*'s test.[32] This element embodies the principle that a body of new evidence that goes only to the weight or credibility of that which was presented to the jury is almost never adequate to meet the demanding bar for being granted a new trial.[33] Generally, to be more than "merely" impeaching or cumulative, new evidence attacking the weight or credibility of a witness's trial evidence attacks the credibility of the witness in the case at bar specifically, rather than impeaching the witness's credibility in general.[34] Where impeachment evidence is submitted along with other material evidence, both can operate together to justify relief.[35] Federal courts applying *Schlup* consider the issue similarly: "Mere impeachment evidence is generally not sufficient to satisfy the actual innocence gateway standard."[36]

Because the Delaware Supreme Court found the language of the *Schlup* standard confusing, in *Purnell* it chose to rely on its own standard as set forth in *Lloyd* and *Downes*. Nevertheless, the Supreme Court continues to find the reasoning of the federal cases applying *Schlup* useful and persuasive guidance in examining Rule 61 actual innocence claims.

---

[32] 534 A.2d at 1267.

[33] *Mason v. State*, 2020 WL 7392348, at *1 n.2, 244 A.3d 681 (Del. Dec. 16, 2020); *Taylor v. State*, 180 A.3d 41, 2018 WL 655627, at *1 (Del. Jan. 31, 2018) (Table); *State v. Brathwaite*, 2017 WL 5054263, at *2 (Del. Super. Oct. 23, 2017), *aff'd*, 186 A.3d 1240 (Del. 2018).

[34] *State v. Young*, 1982 Del. Super. LEXIS 1062 (Del. Super. Oct. 4, 1982); *Hicks v. State*, 913 A.2d 1149, 1195 (Del. 2008); *Blankenship v. State*, 447 A.2d 428, 433 (Del. 1982).

[35] *Fowler v. State*, 194 A.3d 16, 17, 26–27 (Del. 2018).

[36] *Reeves*, 897 F.3d at 161 (alterations omitted) (quoting *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)).

Satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare. Under both *Lloyd* and *Schlup*, a defendant must present additional evidence that was not available at trial and would not have been despite the defendant's exercise of due diligence, thus making it "new."[37] That new evidence must speak with such persuasive force as to convince the reviewing court that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were granted.

Findings of actual innocence are reserved for the "rare" or "extraordinary" case, and the Delaware Supreme Court, for the first and only time, found *Purnell* to be such a case. However, in my view, your case is not such a rare or extraordinary case. Your Petition presents no credible "new" evidence under the "newness" prong of *Purnell*. Nor does it satisfy the "persuasiveness" prong of *Purnell*.[38]

Applying these principles to your case, what you characterize as "new" evidence with respect to the rape kit is, in my view, simply your self-serving view of what should or should not have been contained in the rape kit. The information which you claim was "suppressed" from the rape kit is in fact information that would

---

[37] *See Schlup*, 513 U.S. at 324 ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

[38] See *Evans v. State*, __ A.3d __, 2022 WL 2234980 (Del. June 15, 2022).

have been inappropriate to place in the rape kit. Therefore, what you characterize as "new" evidence is not new. Facts that go only to the weight or credibility of evidence do not constitute "new" evidence.

Even if your evidence were "new," you have not shown a reasonable probability that the jury would have had a reasonable doubt respecting your guilt. The other evidence of your guilt is overwhelming. The "new" evidence does not speak with such persuasive force as to convince me that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as would probably change the result if a new trial were granted. Your mere assertion of actual innocence does not suffice. Innocence in fact requires new evidence that a person other than you committed the crime. I find none of that here.

The gravamen of the second count of your Motion is that your lawyer was ineffective for failing to raise these matters earlier in the proceedings. Thus, *a fortiori*, if the arguments you make in your first count fail, so too does your second count.

Your Petition for Postconviction Relief is **DENIED**.

Because the other two motions which you submitted with your Petition, the "Motion to New Discovered Evidence" and the "Motion for a Miscarriage of Justice," together with an Appendix and a Memorandum of Law, are inextricably related to your Petition, those Motions are also **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:     Prothonotary's Office
        Department of Justice